UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| **RHONDA COLEMAN,** )<br>      Plaintiff, )<br> )<br>      v. )<br> )<br>**TAZ PALMER,** )<br>      Defendants. ) | Case No. 1:25-cv-1033-SEM-DJQ |

### MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff *pro se* Rhonda Coleman has filed a Complaint (Doc. 1) under 42 U.S.C. § 1983, which is now before the Court for screening. For the following reasons, Plaintiff's Complaint is dismissed without prejudice.

### I. Screening Standard

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing

them in the plaintiff's favor.  *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face."  *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. Facts Alleged

Plaintiff is currently detained at the Fulton County Jail.  Her Complaint names as a Defendant Taz Palmer.  Plaintiff alleges that Palmer helped others with vouchers for an apartment or clothing upon release from the jail.  Meanwhile, Plaintiff alleges that she was evicted from her housing and was told that there was no funding to help her.  Plaintiff also alleges that Palmer conducts Narcotics Anonymous ("NA") classes at the jail, without certification.

## III. Analysis

"Section 1983 only permits an individual to sue a 'person' who deprives that individual of his or her federally-guaranteed rights under color of state law."  *Snyder v. King,* 745 F.3d 242, 246 (7th Cir. 2014).  Plaintiff's Complaint does not identify who Taz Palmer is or whether Palmer is employed by the jail or some other government

entity. Rather, Plaintiff merely alleges that Palmer comes to the jail to conduct NA classes.

However, even assuming that Palmer is acting under color of state law, Plaintiff has failed to state a claim upon which relief may be granted.

Plaintiff alleges that she "feel[s] as [if] Taz Palmer discriminates against certain people" because other individuals were allegedly given vouchers for various necessities or housing, while Plaintiff was not. As indicated above, conclusory statements and labels are insufficient to state a claim.

To state a claim of discrimination in violation of the Fourteenth Amendment, a complaint must contain facts alleging that the plaintiff "(1) is a member of a protected class; (2) is otherwise similarly situated to members of the unprotected class; (3) suffered an adverse . . . action; [and] (4) was treated differently from members of the unprotected class." *McPhaul v. Bd. of Comm'rs*, 226 F.3d 558, 564 (7th Cir. 2000), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965, 967 n.1 (7th Cir. 2013). Plaintiff has not done so.

Plaintiff also alleges that Palmer "should not be doing classes" because "she is not certified" and asks this Court to "please see that [Palmer] no longer visits the jail." But "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state law or…[other] regulations." *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003). Therefore, Plaintiff may not bring a claim based upon Palmer's alleged teaching of classes without certification.

**IT IS THEREFORE ORDERED:**

**1) Plaintiff's Complaint [1] is DISMISSED without prejudice for failure to state a claim.**

**2) Plaintiff is granted 21 days in which to file an amended complaint. If Plaintiff does not do so or if the amended complaint fails to state a claim, then this case will be dismissed with prejudice.**

ENTERED May 20, 2025.

s/ *Sue E. Myerscough*
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE